IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES CORDOVA,

    Petitioner,

vs.                                                                        No. CIV 24-1069 JB/JMR

DEPARTMENT OF CORRECTIONS, and THE
ATTORNEY GENERAL OF THE STATE OF
NEW MEXICO,

    Respondents.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Petitioner James Cordova's failure to pay the filing fee or a motion to proceed in forma pauperis. The Court previously directed Cordova to pay the $5.00 habeas filing fee or, alternatively, to file a motion to proceed in forma pauperis, within thirty days. See Order to Cure Deficiency, filed September 15, 2025, (Doc. 3)("Cure Order"). Because Cordova has not complied with or responded to the Cure Order, the Court will dismiss this habeas case without prejudice.

## BACKGROUND

Cordova is incarcerated and proceeding pro se. See Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus at 1, filed October 21, 2024 (Doc. 1)("Habeas Petition"). Cordova challenges his plea and sentence in his State case. See Habeas Petition, at 5. The Court refers this matter to The Honorable Jennifer M. Rozzoni, United States Magistrate Judge for the United States District Court, for the District of New Mexico, for recommended findings and disposition, and to enter non-dispositive orders. See Order of Reference Relating to Prisoner Cases, filed October 25, 2024 (Doc. 2). By the Cure Order entered September 15, 2025, Magistrate Judge Rozzoni directs Cordova to pay the $5.00 habeas filing fee or, alternatively, to file a motion to

proceed in forma pauperis, within thirty days.  See Cure Order.  The Cure Order warns that the failure timely to comply may result in the dismissal of this action without further notice.  See Cure Order at 1.

The deadline for Cordova to pay the $5.00 habeas filing fee or to file a motion to proceed in forma pauperis was October 15, 2025.  Cordova has not paid the filing fee or filed a motion to proceed in forma pauperis, and he has not shown cause for such failure or otherwise responded to the Cure Order.  The Court, therefore, analyzes whether to dismiss this case for failure to prosecute and to comply with the Cure Order.

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b).  See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.").  As the United States Court of Appeals for the Tenth Circuit explains, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . . ."  Rogers v. Andrus Transp. Services, 502 F.3d 1147, 1152 (10th Cir. 2007).  "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders."  Olsen v. Mapes, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice."  Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009).  If dismissal is made without prejudice, "a district

court may, without abusing its discretion, enter such an order without attention to any particular procedures."  Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d 1158, 1162 (10th Cir. 2016).  Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria."  Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d at 1162.  Those criteria include: the degree of actual prejudice to the defendant; the amount of interference with the judicial process; the culpability of the litigant; whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and the efficacy of lesser sanctions.  See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d at 1162.

As noted above, Cordova has not paid the habeas filing fee, as 28 U.S.C. § 1915(a) and the Cure Order require.   He also has not filed a motion to proceed in forma pauperis as the Cure Order directs.   Nor has he shown cause for his inaction.  In light of these failures, the Court dismisses this case pursuant to rule 41(b) for failure to prosecute.  See Olsen v. Mapes, 333 F.3d 1199 at 1204.  After considering the factors in Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, the dismissal will be without prejudice.   To the extent necessary, the Court also denies a certificate of appealability ("COA") under rule 11 of the Rules Governing Section 2254 Proceedings for the United States District Courts, effective Feb. 1, 1977, as amended to Dec. 1, 2019, because the failure to prosecute this case is not reasonably debatable.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000)(establishing that a district court may issue a COA in habeas cases only where "reasonable jurists would find the . . . assessment of the constitutional claims debatable or wrong"); DeAtley v. Williams, 782 F. App'x 736, 737 (10th Cir.

2019)(unpublished)(declining to issue a COA after district court dismisses habeas petition and denies a COA under rule 41).[1]

**IT IS ORDERED** that: (i) the Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus at 1, filed October 21, 2024 (Doc. 1), is dismissed without prejudice; (ii) the Court denies a Certificate of Appealability; and (iii) the Court will enter a separate Final Judgment disposing of this case.

_____
UNITED STATES DISTRICT JUDGE

Parties:

James Cordova
Clayton, NM
*pro se Petitioner*

---

[1] DeAtley v. Williams, 782 F. App'x 736, 737 (10th Cir. 2019), is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit states:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that DeAtley v. Williams, 782 F. App'x 736, 737 (10th Cir. 2019), has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.